

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2002

# USA v. Meyer

Precedential or Non-Precedential:

Docket 1-2281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Meyer" (2002). *2002 Decisions.* Paper 43.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/43

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2281


UNITED STATES OF AMERICA

v.

RICHARD P. MEYER,

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  01-cr-18)
District Court Judge: Alan N. Bloch


Submitted Under Third Circuit LAR 34.1(a)
January 14, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District
Judge.

(Opinion Filed: January 25, 2002 )


MEMORANDUM OPINION OF THE COURT


PER CURIAM:
        Because we write for the benefit of the parties, the background
of the appeal
is not set out.
        We reject defendant's argument that the District Court erred
when it

declined to depart downward from the applicable sentence range after the government
filed a motion pursuant to Section 5K1.1 of the Sentencing Guidelines. Section 5K1.1
states (emphasis added): "Upon motion of the government stating that the defendant has
provided substantial assistance in the investigation and prosecution of another person who
has committed the offense, the court may depart from the guidelines." The decision
whether to depart downward lies in the discretion of the District Court, and we do not
have jurisdiction to review an appeal challenging a District Court's discretionary refusal
to depart downward from an appropriate Sentencing Guidelines' range. See, e.g., United
States v. Casiano, 113 F.3d 420, 429 (3d Cir. 1997); United States v. Spiropoulos, 976
F.2d 155, 162-63 (3d Cir. 1992).

The record is clear that the District Court gave substantial consideration to
the motion to allow a downward departure, recognized its authority to depart downward,
and exercised its discretion to decline to depart from the appropriate range provided by
the Sentencing Guidelines. We thus conclude that the District Court's denial was
discretionary, and appellate jurisdiction is therefore lacking.

We also reject defendant's argument that the District Court used
information in violation of the immunity granted by the plea agreement and in violation
of the Fifth Amendment. The information the District Court used came from the plea
agreement and there is nothing to show that it came from his immunized testimony at
trial. Moreover the plea agreement referred to Section 1B1.8 of the Sentencing
Guidelines and Section 1B1.8(b)(5) permits the use of information provided pursuant to a
cooperation agreement in determining whether and to what extent a downward departure
is warranted. Accordingly, defendant's appeal is dismissed.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

Circuit Judge